IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA CARRASCO,

    Petitioner,                    No. CIV S-03-1984 LKK KJM P

    vs.

SUPERIOR COURT

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On March 18, 2004, the court granted petitioner's motion to stay proceedings to permit petitioner to exhaust state remedies and required that she file periodic status reports. Petitioner complied, averring each time that her exhaustion petition was pending in the superior court. On October 15, 2007, however, this court lifted the stay because it had determined that the superior court had denied the exhaustion petition in 2003 and that no petitions had been filed in the Court of Appeal or the California Supreme Court. The court directed respondents to answer or otherwise respond to the petition.

          On December 14, 2007, respondents filed a motion to dismiss, arguing that the petition had been filed outside the statute of limitations. When petitioner did not respond to this

1

1  motion, the court directed her to show cause why the motion to dismiss should not be granted.
2  Petitioner has failed to respond to this order.

3  "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
4  an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,
5  1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "In determining whether to dismiss a case for
6  failure to comply with a court order the district court must weigh five factors including: '(1) the
7  public's interest in expeditious resolution of litigation;  (2) the court's need to manage its docket;
8  (3) the risk of prejudice to the defendants;  (4) the public policy favoring disposition of cases on
9  their merits;  and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61
10 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v.
11 Moran, 46 F.3d 52, 53 (9th Cir. 1995).

12  In determining to recommend that this action be dismissed, the court has
13 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly
14 support dismissal of this action.  The petition was filed in September 2003 and the action stayed
15 in 2004 to allow petitioner to exhaust state remedies.  While the case was stayed, petitioner filed
16 status reports claiming that she was pursuing exhaustion when in fact she had not been.  Her
17 failure to pursue her state court remedies and her failure to respond to the motion to dismiss or to
18 the court's order suggests that she has abandoned this action and that further time spent by the
19 court thereon will consume scarce judicial resources in addressing litigation which plaintiff
20 demonstrates no intention to pursue.

21  The fifth factor also favors dismissal.  The court has granted ample time to oppose
22 the pending motion, all to no avail.  The court finds no suitable alternative to dismissal of this
23 action.

24  Under the circumstances of this case, the third factor, prejudice to defendants
25 from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to
26 oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963

1 F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to
2 continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition
3 of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the
4 reasons set forth above, the first, second and fifth factors strongly support dismissal and the third
5 factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh
6 the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at
7 1263.

8       For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
9 dismissed pursuant to Federal Rule of Civil Procedure 41(b).

10       These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
12 days after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties.  Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
15 that failure to file objections within the specified time may waive the right to appeal the District
16 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 DATED:  May 14, 2008.

_____
U.S. MAGISTRATE JUDGE

20 2

21 carr1984.46f&r